**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMAR GREEN,** | : | |
| **Petitioner** | : | **No. 1:25-cv-01768** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **WARDEN F. GARZA,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Currently before the Court is pro se Petitioner Jamar Green ("Green")'s petition for a writ

of habeas corpus under 28 U.S.C. § 2241 in which he asserts that the Federal Bureau of Prisons

("BOP") is improperly denying him twelve months of home confinement under the Second

Chance Act ("SCA"). For the reasons stated below, the Court will dismiss the petition and direct

the Clerk of Court to close this case.

**I.    BACKGROUND**

Green is currently serving a sentence of seventy-eight months of federal confinement, to

be followed by three years of supervised release, after pleading guilty to conspiracy to possess

with intent to distribute MDMA (21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846) in the United States

District Court for the Eastern District of Virginia. See (Doc. No. 1 at 1); United States v. Green,

No. 20-cr-00001 (E.D. Va. filed Jan. 8, 2020), ECF No. 156.[1] According to the BOP's Inmate

Locator (https://www.bop.gov/inmateloc/), Green is currently incarcerated at United States

Penitentiary Canaan ("USP Canaan") and has an anticipated release date of December 31, 2026.

---

[1] The Court takes judicial notice of the docket for Green's criminal case. See Orabi v. Att'y
Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial
notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688
n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

On September 16, 2025, Green filed the instant Section 2241 habeas petition.[2]  (Doc. No. 1.)  In his petition, Green asserts that the BOP is unlawfully denying his "guaranteed right to 12 months [of] home confinement in accordance with the [SCA]."  See (id. at 6).[3]  For relief, Green seeks an Order directing the BOP "to follow the SCA 3624(g) [sic] guaranteed [sic] 12 months of home confinement."  See (id. at 7).  He also specifies that this request for relief is "not to be confused with anything in reference to the [First Step Act of 2018 ("FSA")] when they are clearly not the same."  See (id.).

On November 20, 2025, this Court issued an Order which, inter alia, directed Respondent to file a response to Green's habeas petition.  (Doc. No. 6.)  After seeking and obtaining an extension of time to file his response (Doc. Nos. 7, 8), Respondent timely filed a response in opposition to the petition on December 17, 2025.  (Doc. No. 9.)  Green then filed a timely reply brief in further support of his petition, which the Clerk of Court docketed on January 5, 2026. (Doc. No. 10.)  Green's Section 2241 habeas petition is ripe for disposition.

---

[2]  The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, Green declares that he placed his petition in USP Canaan's mail system on September 16, 2025.  See (Doc. No. 1 at 8).  As such, the Court uses September 16, 2025, as the petition's filing date even though the Clerk of Court did not docket it until September 23, 2025.

In addition, the Court notes that an Administrative Order issued because Green neither remitted the filing fee nor sought leave to proceed in forma pauperis when he filed his petition.  (Doc. No. 3.)  Green later remitted the fee.  See (Unnumbered Docket Entry Between Doc. Nos. 3 & 4).

[3]  Green previously filed a Section 2241 habeas petition in which he raised a similar claim.  See Green v. Garza, No. 25-cv-01051-YK (M.D. Pa. filed June 10, 2025).  After his petition was fully briefed, this Court issued a Memorandum and Order on September 11, 2025, which, inter alia, dismissed Green's petition without prejudice for his failure to exhaust his administrative remedies with the BOP.  See id., ECF Nos. 12, 13.

## II.    LEGAL STANDARD

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence."  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out."  See Woodall, 432 F.3d at 242, 243 (citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the manner in which the BOP is computing their federal sentence); United States v. Vidal, 647 F. App'x 59, 60 (3d Cir. 2016) (unpublished) ("Because [the federal inmate's] claim challenges the BOP's calculation of sentence credits, it is appropriately addressed in a petition for a writ of habeas corpus pursuant to [Section] 2241" (citation omitted)).

## III.   DISCUSSION

### A.    The Parties' Arguments

As indicated above, Green asserts that he is entitled to twelve months of home confinement under the SCA.  (Doc. No. 1 at 6–7.)  In response, Respondent argues that (1) Green's petition lacks merit because he "is ineligible for prerelease placement under the SCA due to a lodged detainer and inmates have no absolute enforceable right to SCA credits in any instance"; and (2) this Court "lacks subject[-]matter jurisdiction to hear [Green's] claim because

his only request is a transfer to prerelease placement for a period of 12 months which amounts merely to a challenge to his designation of place of imprisonment." See (Doc. No. 9 at 2, 4–16).

Green disagrees with Respondent's arguments, contending in his reply brief that the BOP is willfully relying on a detainer for a criminal case from Virginia for which his charges were nolle prossed. See (Doc. Nos. 10 at 8–10). He also attaches copies of documents relating to this Virginia criminal case which he believes supports his contention. See (Doc. No. 10-1 at 2–8). As for Respondent's jurisdictional argument, Green asserts that this Court has subject-matter jurisdiction to consider his Section 2241 petition. See (Doc. No. 10 at 1–3).

**B.    Analysis**

After reviewing the parties' arguments, the Court agrees with Respondent that this Court lacks the jurisdiction or authority to grant Green the relief he seeks in his petition, i.e., an order directing the BOP to place him in home confinement for twelve months. The SCA provides, in pertinent part as follows:

> (1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

See 18 U.S.C. § 3624(c). As evidenced by this statutory language, the BOP is authorized to place an inmate in a community correctional facility for up to twelve months. See id. However, a prisoner is "neither entitled to nor guaranteed such placement for any amount of time." See Martinez v. Warden, FCI Lewisburg, No. 25-cv-02243, 2025 WL 3499050, at *2 (M.D. Pa. Dec.

5, 2025); see also 18 U.S.C. § 3624(c); Woodall, 432 F.3d at 244–51 (holding that the BOP, in exercising its discretion to make halfway house placement decisions, must consider the factors set forth in Section 3621(b), but pointing out that just because "the [BOP] may assign a prisoner to a halfway house does not mean that it must"). Instead, "[s]uch placement decisions are solely within the discretion of the BOP." See Selmon v. Quay, No. 21-cv-01714, 2022 WL 1271718, at *4 (M.D. Pa. Apr. 28, 2022); see also 18 U.S.C. § 3621(a) (providing the BOP with exclusive discretion to "designate the place of [a] prisoner's imprisonment"); id. § 3624(c)(4) (stating that "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621"); Beckley v. Miner, 125 F. App'x 385, 389 (3d Cir. 2005) (unpublished) (holding that "[i]t is well settled . . . that the [BOP] has nearly exclusive jurisdiction to classify and transfer prisoners."). As such, this Court lacks the authority to order the BOP to place Green in home confinement pursuant the Second Chance Act. See Martinez, 2025 WL 3499050, at *2 (explaining that a district court lacks "the authority to review any BOP decision denying [a federal inmate's] request to be placed in home confinement under the [SCA]"); see also Collins v. Warden Canaan FPC, No. 21-2878, 2022 WL 2752536, at *2 (3d Cir. July 14, 2022) (unpublished) (affirming "district court's conclusion that it lacked authority under the CARES ACT to order that [the petitioner] be placed in home confinement" because, "[a]s these statutes make clear, the BOP has exclusive control over an inmate's placement in home confinement"). Accordingly, the Court will dismiss Green's Section 2241 habeas petition.[4]

---

[4] Because of this determination, the Court will not address Respondent's other argument that Green is ineligible under the SCA because he has a Virginia detainer. See (Doc. No. 9 at 8–9). However, based on the information Green attaches to his reply brief (Doc. No. 10-1) as well as the Court's research via the Virginia Judicial System's Online Case Information System-Statewide Search (https://www.vacourts.gov/caseinfo/home), the Court notes that the BOP's records are showing that Green has a detainer for a case that no longer exists. In other words, it is plausible that Green should not have a detainer relating to this Virginia case lodged against

**IV.    CONCLUSION**

For the reasons discussed above, the Court will dismiss Green's Section 2241 habeas

petition and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

him.  Accordingly, the Court encourages Respondent, Respondent's counsel, and the BOP to
investigate the status of the Virginia criminal case that is the subject of the detainer at issue as
well as the validity of the detainer itself.